## MOFFIT v. ROGERS.

1. BILL OF EXCEPTIONS. A bill of exceptions stated that "thereupon plaintiff filed his certain motion, with affidavits attached, to set aside said verdict, which was considered and overruled." *Held*, that the reference to the affidavits was not unmistakable, and was not sufficient to make them a part of the record.

Moffit v. Rogers.

2. NEW TRIAL: MISAPPREHENSION OF ISSUES. To warrant the granting of a new trial, on the ground that the jury misapprehended the issue, it must appear that there was reasonable ground for such misapprehension.

*Appeal from Cedar District Court.*

TUESDAY, JANUARY 5.

PLAINTIFF claims damages for a breach of warranty, and for deceit in the trade of horses. Verdict for defendant; motion for a new trial, based upon the misconduct of the jury, overruled, and plaintiff appeals.

*Piatt & Spicer* for the appellant.

*Crook & Drury* for the appellee.

WRIGHT, Ch. J.—For the following reasons this judgment must be affirmed.

1. The affidavits relied upon are not incorporated in the bill of exceptions, by unmistakable reference, so as to make them a part of the record, as contemplated by section 3109 of the Revision. The bill of exceptions signed by the judge states that " thereupon plaintiff filed his certain motion, with affidavits attached, to set aside said verdict, which was considered and overruled, to which," &c. And thus we have the only reference to the supposed affidavits. This is not sufficient; the statute is, that such " writing" shall be incorporated by unmistakable reference, and that the clerk, in transcribing the bill of exceptions, shall write therein at length all matter included by such reference.

2. The motion for a new trial states that so far as the action was based upon a supposed warranty, it was abandoned, and reliance placed alone upon the alleged deceit. If this is not so, then the affidavits of the jurors are of no moment, as they state that the case was decided alone upon this alleged abandoned issue.

And yet, aside from the averment in the motion, there is nothing in the record to sustain the allegation. For aught that appears in the matter legitimately certified to us, the warranty was the only matter finally relied upon or controverted. If so, then there is no ground for claiming that the jurors abused their trust.

3. Giving all weight to the affidavits, the Court did not abuse its discretion in overruling the motion. We cannot see that the jury had any reasonable ground for entertaining the views stated in these affidavits. *Davenport* v. *Cummings, ante; Jack* v. *Naber, ante.*

Affirmed.